```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                    PINE BLUFF DIVISION


KENNETH LAMAR TURNER                                    PETITIONER


vs.                  Civil Case No. 5:05CV00107 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Kenneth Lamar Turner, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on October 22, 1998, of aggravated robbery and theft of property, and he was sentenced to a total of sixty-five years imprisonment. Petitioner represented himself at trial, but the Arkansas Court of Appeals appointed an attorney to represent him on

direct appeal.  Counsel filed a no-merit appeal (Respondent's Exhibit 2a), and Petitioner filed his own brief (Respondent's Exhibit 2b).  The Arkansas Court of Appeals affirmed his convictions on March 15, 2000 (Respondent's Exhibit 4), and issued its mandate on April 4, 2000 (Respondent's Exhibit 3, p.1).  Petitioner did not petition the Arkansas Supreme Court for discretionary review.[1]

On April 25, 2000, he filed a pro se petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit 5, pp. 13-38).  On October 4, 2000, he filed a pro se motion for a new trial (Respondent's Exhibit 5, pp. 44-47).  The trial court appointed counsel for Petitioner and held a hearing on December 14, 2000 (Respondent's Exhibit 5, pp. 85-129).  On January 11, 2001, the court denied both motions (Respondent's Exhibit 5, pp. 81-83).  Petitioner appealed (Respondent's Exhibits 6a, 6b and 6c).  On October 3, 2002, the Arkansas Supreme Court issued its decision, refusing to consider Petitioner's claims of ineffective assistance of counsel because he had not filed a proper abstract of the record, and affirming the trial court's finding that the motion for a new trial was untimely

---

[1] April 4, 2000, was also the last day to petition for discretionary review. Arkansas Supreme Court Rule 2-4(a) (2005)(a petition for review of a decision of the Court of Appeals must be filed within eighteen calendar days of the date of the decision.

(Respondent's Exhibit 7a). It issued its mandate on October 22, 2002.

On November 5, 2002, Petitioner filed a motion to have DNA testing performed on evidence (Respondent's Exhibit 8a), pursuant to Ark. Code Ann. § 16-112-201 (Supp. 2003), which the trial court denied on January 13, 2003 (Respondent's Exhibit 8c).[2] On June 25, 2003, Petitioner filed a motion to correct an illegal sentence (Respondent's Exhibit 9a), which the trial court denied on June 30, 2003 (Respondent's Exhibit 9b). On May 25, 2004, and June 1, 2004, he filed state habeas corpus petitions (Respondent's Exhibits 10a and 10b, p.2), which the trial court denied on August 16, 2004 (Respondent's Exhibit 10b). It does not appear from the record that Petitioner appealed any of the motions filed after October 22, 2002.

In the present petition, Petitioner raises the following grounds for relief:

    1. Police officers subjected him to an improper and suggestive identification procedure;

    2. The prosecution withheld material exculpatory evidence from the defense;

---

[2] The court found that, if Petitioner filed the petition as a second Rule 37 motion, it must be dismissed because he was not entitled to file a second motion under that rule. It further found that, if Petitioner filed it as a post-trial motion, he should have filed it within thirty days after the entry of judgment and, thus, it was untimely. Finally, it found that, had the petition been timely, Petitioner had not established a "prima facie case for which relief may be obtained."

    3.  He was denied the effective assistance of counsel in that his attorney

        A.  prevented him from appearing at the omnibus hearing;

        B.  failed to have alibi witness present at trial;

        C.  failed to file pre-trial motion to suppress evidence;

        D.  failed to challenge prosecutor for his failure to disclose evidence;

        E.  failed to meet with him and prepare for trial;

    4.  His convictions were obtained by the use of evidence gained pursuant to an unconstitutional search and seizure and

    5.  The trial court violated his right to counsel.

Respondent contends the petition should be dismissed as untimely because Petitioner did not file it within the one year time limitation in 28 U.S.C. § 2244(d)(1). In this case, the triggering date is the date on which Petitioner's judgment of conviction became final under § 2244(d)(1)(A). A state court judgment becomes final at the conclusion of direct review or upon expiration of the time for filing a petition for certiorari to the United States Supreme Court, which is ninety days after a state court judgment is affirmed on direct appeal. <u>Williams v. Bruton</u>, 299 F.3d 981, 982 (8th Cir. 2002). Under 28 U.S.C. § 1254(a), the United States Supreme Court has jurisdiction to review state court judgments from the "highest court of a State." Thus, in order for

Petitioner to file a petition for certiorari, he would have been required first to petition the Arkansas Supreme Court for discretionary review.  An Arkansas defendant may seek discretionary review by filing a petition for review within eighteen calendar days from the date of the Court of Appeals decision.  Rule 2-4 of the Rules of the Supreme Court of Arkansas.

Respondent argues Petitioner's conviction became final on April 4, 2000, when the time to seek discretionary review expired, because this effectively extinguished his opportunity to seek certiorari, and the ninety days should not be included in the calculation of the limitations period.  He also contends the running of the limitations period was not tolled from June 1, 2004, to August 16, 2004, during which time Petitioner's state habeas corpus petition was pending, because the petition was not properly filed in the correct venue.[3]  There is no need to address these issues, however, because even if these periods are included in the calculation, the petition is untimely.

Ninety days from the date the Arkansas Court of Appeals issued its mandate was July 4, 2000.  Petitioner's Rule 37 petition was already pending, so the one year period did not begin running until October 22, 2002, the date the Arkansas Supreme Court issued its

---

[3] The state court did not address this issue, however, and denied relief on other grounds.

mandate[4] dismissing the Rule 37 appeal, making the deadline for filing the federal petition October 22, 2003. Petitioner's motion to have DNA testing performed was pending sixty-nine days from November 5, 2002, to January 13, 2003, which extended the deadline to December 30, 2003. Petitioner's petition to correct an illegal sentence was pending from June 25, 2003, to June 30, 2003, a period of five days, extending the deadline to January 4, 2004. Petitioner's state habeas petitions were pending from May 25, 2004, to August 16, 2004, a period of eighty-three days, extending the deadline to March 28, 2004. Petitioner did not even sign the present petition until March 5, 2005.

Petitioner argues the court should not dismiss the petition as untimely because neither his attorneys nor the state court judges informed him of the time limitation. A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).[5]  "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application

---

[4] The court presumes without deciding that the proper date is the date the mandate issues, not the date the decision is filed.

[5] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

[of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

<u>Id.</u> at 618-19 (citations omitted). <u>C.f</u> <u>Alvarez-Machain v. U.S.</u>, 107 F.3d 696, 701 (9th Cir. 1996), <u>cert</u>. <u>denied</u>, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake). Petitioner's assertion that he was not aware of the limitations period does not satisfy the above standard, and the petition must be dismissed. In light of this finding, there is no need to address Respondent's other arguments.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 24th day of October, 2005.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge